UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSICA MUZQUIZ, BLAKE SADLER, SUNAINA LAW & TRENT COLLIER, JR.<br><br>*Plaintiff(s)*,<br><br>v.<br><br>MATRIX US HOLDINGS, INC., ASENDA HEALTH, INC. F/K/A HEALTHSTORE HOLDINGS, INC., MARK CATROPPA, MANOJ SIKKA, & JODHVIR SARAI<br><br>*Defendant(s)*. | No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs Jessica Muzquiz ("Muzquiz"), Blake Sadler ("Sadler"), Sunaina Law ("Law") and Trent Collier, Jr. ("Collier") (hereinafter collectively "Plaintiffs") brings this suit against Matrix US Holdings, Inc., (referred to as "Matrix"), Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. (referred to as "Asenda"), Mark Catroppa, (referred to as "Catroppa"), Manoj Sikka (referred to as "Sikka"), Jodhvir Sarai (referred to as "Sarai") (hereinafter collectively referred to as "Defendants") under the

Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1. Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA")

2. ERISA was enacted in 1974 to protect the interests of employee benefit plan participants and their beneficiaries.

3. Defendants violated their fiduciary duties to plan participants and their beneficiaries to under ERISA.

4. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers …." 29 U.S.C. § 202(a).

5. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

6. Defendants violated the FLSA by employing Plaintiffs and failing to timely pay all wages as required.

## II.   Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because it arises under ERISA and the FLSA, federal statutes.

8. Venue is proper in this judicial district court under 28 U.S.C. §1391(b) because a substantial portion of the actions and omissions giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

## III.   Parties

9. Jessica Muzquiz is an individual who resides in Harris County, Texas. She is a former employee of Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. who was a "covered employee" within the meaning of 29 U.S.C. §1002(B)(6) and a participant in the Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. Group Health Plan prior to the separation of employment on September 13, 2022, a qualifying event within the meaning of 29 U.S.C. § 1163(2).

10. Blake Sadler is an individual who resides in Harris County, Texas. He is a former employee of Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. who was a "covered employee" within the meaning of 29

U.S.C. §1002(B)(6) and a participant in the Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. Group Health Plan prior to the separation of employment on September 9, 2022, a qualifying event within the meaning of 29 U.S.C. § 1163(2).

11. Sunaina Law is an individual who resides in Harris County, Texas. She is a former employee of Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. who was a "covered employee" within the meaning of 29 U.S.C. §1002(B)(6) and a participant in the Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. Group Health Plan prior to the separation of employment on September 19, 2022, a qualifying event within the meaning of 29 U.S.C. § 1163(2).

12. Trent Collier, Jr. is an individual who resides in Harris County, Texas. He is a former employee of Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. who was a "covered employee" within the meaning of 29 U.S.C. §1002(B)(6) and a participant in the Matrix US Holdings, Inc. and Asenda Health, Inc. F/K/A Healthstore Holdings, Inc. Group Health Plan ("The Plan") prior to the separation of employment on September 19, 2022, a qualifying event within the meaning of 29 U.S.C. § 1163(2).

13. Defendant Matrix US Holdings, Inc., is a Delaware corporation that may

be served with process by serving its registered agent:

Healthstore Holdings<br>
10375 Richmond Avenue<br>
Houston, TX 77042 USA

Alternatively, if the registered agent of Matrix US Holdings, Inc., cannot with reasonable diligence be found at the company's registered office, Matrix US Holdings, Inc., may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

14. Defendant Asenda Health, Inc. F/K/A Healthstore Holdings, Inc., is a Delaware corporation that may be served with process by serving its registered agent:

Healthstore Holdings<br>
10375 Richmond Avenue<br>
Houston, TX 77042 USA

Alternatively, if the registered agent of Asenda Health, Inc. cannot with reasonable diligence be found at the company's registered office, Asenda Health, Inc., may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15. At all relevant times Matrix and Asenda had more than 20 employees within 75 miles of its facility in the County of Harris, Texas who were members of The Plan. Matrix and Asenda in all respects was a Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B) and its agent was the administrator of the Plan within the

meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical, dental and vision benefits to employees and their beneficiaries and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

16.     Mark Catroppa is an individual who resides in Harris County, Texas and who may be served with process at:

> 10375 Richmond Avenue, Suite 700
> Houston, TX 77042 USA

or wherever he may be found. Alternatively, Catroppa may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

17.     Manoj Sikka Jodhvir Sarai is an individual who resides in Harris County, Texas and who may be served with process at:

> 10375 Richmond Avenue, Suite 700
> Houston, TX 77042 USA

or wherever he may be found. Alternatively, Sikka may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

18. Jodhvir Sarai is an individual who resides in Harris County, Texas and who may be served with process at:

> 10375 Richmond Avenue, Suite 700
> Houston, TX 77042 USA

or wherever he may be found. Alternatively, Sarai may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

19. Upon information and belief, Defendants Mark Catroppa, Manoj Sikka, Jodhvir Sarai were officers and sole shareholders of Matrix and Asenda at all relevant times and fiduciaries of the Plan as that term is defined in 29 USCS § 1002(21)(A). Moreover, Defendants Mark Catroppa, Manoj Sikka, Jodhvir Sarai administered the Plan at all relevant times and were each an "administrator" as that term is defined in 29 USCS § 1002(16). Finally, Defendants Mark Catroppa, Manoj Sikka, Jodhvir Sarai were each a "fiduciary" as that term is defined in 29 USCS § 1002(21)(A) and a "party in interest" as that term is defined in 29 USCS § 1002(14)(A).

### IV.   Facts

20. In or around July of 2021, Muzquiz went to work for Defendants as a full time exempt employee.

21. In September of 2022, Muzquiz resigned her employment with Defendants.

22. Following her separation from Muzquiz did not receive her final paycheck and accrued paid time off.

23. In other words, Muzquiz did not receive all her wages for all the time she worked.

24. In or around September of 2021, Sadler went to work for Defendants as a full time exempt employee.

25. In September of 2022, Sadler resigned his employment with Defendants.

26. Following his separation from Sadler did not receive his final paycheck and accrued paid time off.

27. In other words, Sadler did not receive all his wages for all the time he worked.

28. In or around May of 2021, Sunaina Law went to work for Defendants as a full time exempt employee.

29. In September of 2022, Law resigned her employment with Defendants.

30. Following her separation from Law did not receive her final paycheck and accrued paid time off.

31. In other words, Law did not receive all her wages for all the time she worked.

32. In or around November of 2021, Trent Collier, Jr. went to work for Defendants as a full time exempt employee.

33. In September of 2022, Sadler resigned his employment with Defendants.

34. Following his separation from Sadler did not receive his final paycheck and accrued paid time off.

35. In other words, Sadler did not receive all his wages for all the time he worked.

36. Catroppa, Sikka and Sarai was also Plaintiffs' employer—and individually liable to them for the FLSA violations described below—because they: (1) had the authority to hire and fire employees, including Plaintiffs; (2) supervised or controlled employee schedules or conditions of employment, including Plaintiffs' schedule and/or conditions of employment; (3) determined the rate or method of payment for employees, including Plaintiffs; and/or (4) maintained employee records, including Plaintiffs' records.

37. During Plaintiffs' employment with Defendants, they were engaged in commerce or in the productions of goods for commerce.

38. During Plaintiffs' employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

39. During Plaintiffs' employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

40. During Plaintiffs' employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

41. Defendants did not pay Plaintiffs for all the hours they worked and failed to pay them their final paychecks in violation of the FLSA. 29 U.S.C. § 206.

42. As a result of the FLSA violations described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what they should have paid and what they actually paid.

43. As a result of the failure to pay wages, Defendants are liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44. Matrix and Asenda was, during the pertinent period, an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

45. Among the benefits that Matrix and Asenda provided to Muzquiz, Sadder, Law and Collier and their families were participation in the Matrix and Asenda Plan, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. §

1002(1), which is subject to coverage under the Act pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

46. The Plan was designed to provide medical through Blue Cross Blue Shield, vision through Ameritas Vision, and dental benefits through Ameritas Dental for the exclusive benefit of its participants, employees and their beneficiaries.

47. The Plan was funded through amounts withheld from employee paychecks as contributions to the Plan, as well as employer contributions. The payments by the employees, including Plaintiffs became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

48. During the pertinent period, the Matrix and Asenda were the Plan Sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and the named Plan Administrator under ERISA § 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i).

49. During the pertinent period, Matrix and Asenda, as Plan Administrator, exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Matrix and Asenda were, during the pertinent

period, a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

50.     During the pertinent period, Matrix and Asenda, as a fiduciary of the Plan and employer of employees covered by the Plan, was a party in interest pursuant to ERISA §3(14)(A) and (C).

51.     During the pertinent period, Catroppa, Sikka and Sarai have acted on behalf of the Matrix and Asenda. Catroppa, Sikka and Sarai made financial decisions for the Company and for the Plan. Catroppa, Sikka and Sarai decided whether and when to fund the Company's health insurance. Catroppa, Sikka and Sarai cut and signed checks from the Company's general assets to pay the insurance premiums. Catroppa, Sikka and Sarai has also signed contracts and agreements for the Plan on behalf of the Company. As such, Catroppa, Sikka and Sarai exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting the management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Catroppa, Sikka and Sarai were, during the pertinent period, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

52. During the pertinent period, Catroppa, Sikka and Sarai as fiduciaries of the Plan, was also a parties-in-interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A), 29 U.S.C. §§ 1002(14)(A).

53. During the pertinent period, the Company failed to provide sufficient funds to Blue Cross Blue Shield, Ameritas Vision, and Ameritas Dental to cover the respective insurance premiums.

54. Unbeknownst to Plaintiffs, beginning as early as the last quarter of 2021, Defendants failed to remit payments to Blue Cross Blue Shield, Ameritas Vision, and Ameritas Dental for Plaintiffs' premiums under the Plan.

55. During the third quarter of 2022, Blue Cross Blue Shield, Ameritas Vision, and Ameritas Dental terminated Plan participants' coverage, due to the Defendants' failure to fund the requisite premiums, resulting in unpaid claims for participants who sought medical, vison or dental care between.

56. During the pertinent period, Defendants were responsible for receiving and collecting any and all monies due under the Plan to fund medical, vison or dental claims and for properly managing the assets of the Plan. Defendants were also responsible for undertaking measures to collect any and all employer contributions due under the Plan to fund medical, vison or dental claims.

57. Upon information and belief, during the pertinent period, Catroppa, Sikka and Sarai withdrew monies from Matrix and Asenda's accounts for their own personal use.

58. During the pertinent period, Defendants represented to participants that they had health insurance coverage by continuing to withhold monies every pay period from employees' paychecks as employee contributions to the Plan.

59. During the pertinent period, Defendants did not inform participants that their claims might not be paid or processed.

60. During the pertinent period, participants and beneficiaries continued to receive health care services. Participants were not aware that their claims may not be paid or processed.

61. Participants' unpaid claims dating from the pertinent period remain outstanding.

62. As of the date of this filing the Plan participants are burdened with thousands of dollars in unpaid claims from medical, vision and dental services received while Defendants purported to provide participants with insurance coverage.

## V.   Count One—ERISA Violations

63. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64. By virtue of the acts described in paragraphs 21 to 62, the Defendants violated their fiduciary duties to Plan participants and beneficiaries under ERISA §§404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), in that they did not act solely in the interest of, and for the exclusive purpose of, providing benefits to participants. Instead, the Defendants failed to collect and transmit contributions to fund medical, vision and dental claims during the pertinent period, though Catroppa, Sikka and Sarai withdrew significant amounts from Matrix and Asenda's accounts for their own personal use during the pertinent period. The Defendants thus also failed to act with "care, skill, prudence and diligence" under ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

65. Pursuant to ERISA §409 (a), 29 U.S.C. §1109, Defendants are personally liable to make good to the Plan any losses to the Plan resulting from the breaches of fiduciary duty set forth above and are subject to such other equitable or remedial relief, including the removal of the Defendants as Plan fiduciaries.

66. By virtue of the acts described in paragraphs 21 to 62, the Defendants violated ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), in that they did not fulfill their obligation to accurately convey material information to Plan participants. The Defendants continued withholding monies every pay period from employees' paychecks, which the Defendants knew would induce continued reliance on health benefits in the absence of any information to suspect that these benefits were in

jeopardy. In reliance upon the Defendants' misrepresentation and as a result of Defendants' omission to inform employees that the Company had ceased to sufficiently fund the Plan, Plaintiffs, Plan participants, sought medical care that was not covered by the Plan. Had the participants known that their coverage was in jeopardy, they might have delayed seeking care and/or sought coverage from other sources. Because of this reliance on the Defendants' representation and material omission, Plaintiffs experienced a detriment, in that they incurred the costs of the services they received.

## VI. Count Two-
## Failure to Pay Wages in Violation of 29 U.S.C. § 206

66. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. During Plaintiffs' employment they were not paid their full wages for all the time they worked.

68. Specifically, Plaintiffs were not paid their final paychecks as required by the FLSA.

69. Late payments, as well as nonpayment of wages, is a violation of the FLSA. 29 U.S.C. § 206.

70. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what they should have paid and what they actually paid.

### VII. Attorney's Fees & Liquidated Damages

71. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

72. Plaintiffs are entitled to recover reasonable and necessary attorney's fees, expert witness fees, litigation expenses and costs, all as provided under 29 U.S.C. § 2617(a)(3) and 29 U.S.C. 216(b).

73. Plaintiffs have retained the professional services of the undersigned attorneys.

74. Plaintiffs have complied with the conditions precedent to recovering attorney's fees.

75. Plaintiffs have incurred or may incur attorney's fees in bringing this lawsuit.

76. The attorney's fees incurred or that may be incurred by Plaintiffs have or will be reasonable and necessary.

77. Plaintiffs are authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

78. Defendants are liable to Plaintiffs for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VIII. Conditions Precedent

79. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred. *See*, Fed. R. Civ. P. 9(c).

## IX.   Prayer

Plaintiffs, Jessica Muzquiz, Blake Sadler, Sunaina Law and Trent Collier, Jr. demands:

a) permanently enjoining Defendants from violating or participating in any violation of ERISA § 404, 29 U.S.C. § 1104;

b) permanently enjoining Catroppa, Sikka and Sarai from serving as a fiduciary to any ERISA-covered plan in the future;

c) requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of Defendants' fiduciary duties and the violations they committed or for which they are liable, including lost earnings and appropriate pre-judgment interest and disgorgement of unjust profits from the Defendants.

d) requiring Defendants to compensate Plan participants for any medical expenses incurred as a result of their reliance on Defendants' representations through payroll deductions and their failure to disclose material information, plus any related damages, accrued interest, or other appropriate relief.

e) all back wages and liquidated damages;

f) all prejudgment and postjudgment interest allowed by law;

g) award attorney's fees attorney's fees, expert witness fees, litigation expenses and costs; and

h) all other relief to which Plaintiffs are entitled.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By:

*/s/ Melissa Moore*

Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**